(636 P.2d 818)

No. 52,878

In the Matter of the Adoption of KELLIE JEAN GATES and JENNIFER ANNETTE GATES, Minor Children.

Opinion filed November 25, 1981.

*Randall C. Henry,* of Mitchell and Henry, of Hutchinson, for the appellant.

No appearance by appellee.

Before FOTH, C.J., presiding, TERRY L. BULLOCK, District Judge, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

FOTH, C.J.: In 1979 Nancy Gates filed a petition in Rice County District Court to adopt her two grandchildren, then 12 and 13 years of age. Attached to the petition were consents to the adoption executed by the children's parents in California in 1968. At the hearing the father (Donald Gates, petitioner's son) appeared and objected to the receipt of the consents because inter alia, they were not executed in accordance with California law. The trial court agreed and excluded the consents. Finding that Donald's consent was necessary it denied the adoption. Nancy Gates appeals; we reverse.

When the petition was filed the two children had lived with their grandmother in Kansas since 1967. No issue has been raised about the delay in instituting the proceedings or about the in personam jurisdiction of the court. See K.S.A. 59-2203. Likewise, there is no contention that the consents were not voluntary or did not conform to the requirements of Kansas law, either as it existed in 1968 when the consents were signed or in 1979 when the petition was filed. K.S.A. 59-2102, as it read in 1968, simply required: "Consent in all cases shall be in writing, . . . acknowledged before an officer authorized by law to take acknowledgments . . . . Minority of a parent shall not invalidate his consent."

Later in 1968 the legislature amended the statute to add the provision the parent may sign in front of a judge. L. 1968, ch. 201, § 1. Other than that the statute is essentially unchanged. Here

both consents were duly acknowledged before a California notary.

The objection which was sustained was based on a California statute which requires consents to a California adoption to be executed before an officer of the California Department of Social Services. Cal. Civ. Code § 226.1 (West). In our opinion California law has no applicability to a Kansas adoption under this set of facts.

In *Jones v. Jones,* 215 Kan. 102, 523 P.2d 743, *cert. denied* 419 U.S. 1032 (1974), a young couple, Kevin and Jean, executed consents in front of a notary in Baltimore, Maryland, in accordance with Maryland law. The young man's parents eventually used the consents to adopt the couple's illegitimate child in Kansas. When the couple sued to regain custody, the probate court granted summary judgment in favor of defendants. The court also ruled under Maryland law that, having attained the age of eighteen, Jean was competent to sign the consent and further held the consent's execution complied fully with Kansas law. On appeal, the Supreme Court rejected the collateral attack on the adoption decree and looked to Maryland law to see if Jean could validly sign a consent and waive notice of future adoption proceedings. As to the form of the consent, the court left untouched the probate court's ruling the consent fully complied with Kansas law including Kansas guidelines on waiver and notice.

*In re Adoption of Trent,* 229 Kan. 224, 624 P.2d 433 (1981), virtually controls this case. There the Court of Appeals had held the consent of the natural mother invalid because it was verified by a Kansas notary in a Missouri hospital. It also had found the consents were not in substantial compliance with Missouri law. The Supreme Court, however, held the consents were in *substantial* compliance with Kansas law and were therefore adequate to support the Kansas adoption. It went on to say, "Given our interpretation of the Kansas statute, we conclude the interpretation and effect of Missouri law is immaterial in the instant case." 229 Kan. at 231.

The clear implication is that a consent which complies with Kansas law will support a Kansas adoption regardless of whether it complies with the law of the state where it is executed. It is only where there is some deficiency under Kansas law that a Kansas court need be concerned with whether there was compliance with the law of the state of execution.

It follows that the trial court erred in rejecting the consents on their alleged deficiency under California law. An examination of the other grounds alleged for their rejection reveals that they are without merit and the consents should have been admitted. In view of this finding we do not reach the other issue raised by appellant.

Reversed and remanded with directions to proceed with the adoption.